JOHN KOZLOWSKI, PLAINTIFF-RESPONDENT, v. NEW JERSEY GARDENS COMPANY, DEFENDANT-APPELLANT.

Argued March 9, 1915—Decided July 1, 1915.

Under the evidence in this case (stated below) it was *Held* error for the trial court to charge the jury to the effect that if they found for the defendant they should find no cause of action, and if they found for the plaintiff then they should find a verdict for $672.65, "and that there was no middle ground in the case; it was either one thing or the other."

---

On appeal from the Supreme Court.

For the plaintiff-respondent, *Henry Huston.* .

For the defendant-appellant, *Coult & Smith.*

The opinion of the court was delivered by

VREDENBURGH, J.    The suit was brought in contract to recover from the defendant company payment for services rendered by the plaintiff, by the month, as a market garden overseer, for work done in the defendant's gardens during certain periods in the years of 1912 and 1913.

These wage periods (as defined by the plaintiff's complaint) extended from September 1st, 1912, to December 1st, 1912, a period of three months, under a contract between the parties, at a rate of wages of $151 for each of those months; and from December 1st, 1912, to April 1st, 1913, a period of four months, under a contract between them, at the wage rate of $100 per month, and also from April 1st, 1913, to December 1st, 1913, a further period of eight months, at the rate of $100 per month.

The complaint set forth some other items and disbursements claimed by plaintiff from defendant, which were not questioned under the evidence at the trial, and need not be here considered.

As to the plaintiff's claim for monthly services for the first period, extending for three months, from September 1st, 1912, to December 1st, 1912, while there was some confusion in the plaintiff's testimony, owing probably to his inability to express his meaning clearly in the English language, there was no substantial difference between the parties as to either the amount of the wages agreed upon or the receipt by the plaintiff.    Indeed, his counsel (Mr. Coult) expressly admitted in open court at the trial, that during the first year of 1912, the plaintiff "received a hundred and fifty-one dollars for every single month" * * * "and his family were paid by the day's work."

These admissions of fact by counsel were amply sustained by the evidence.

As to the plaintiff's claim for wages for work during the

second period of four months, beginning December 1st, 1912, and ending April 1st, 1913, the proofs show that the rate agreed upon was to be $100 per month and that the plaintiff was paid for those wages up to April 1st, 1913. This was clearly established by the uncontradicted evidence of the defendant. Mr. Ackerson, the defendant's manager, testified as follows, viz.:

"*Q.* Did you pay the plaintiff for his services to the 1st of April, 1913?

"*A.* Yes, sir.

"*Q.* How did you pay him?

"*A.* I paid him by check."

The plaintiff did not deny the correctness of these statements.

As to the plaintiff's claim for wages for work done under the third head of his complaint, from April 1st, 1913, to December 1st, 1913, at the rate of $100 per month, there was a sharp conflict in the evidence. The plaintiff swore the defendant agreed to pay him wages for the period of eight months, at the rate of $100 per month. The defendant's proofs on the contrary (of which there was other strong corroboration) were that fifty per month was the amount of wages agreed upon between the parties.

In this condition of the controverted matters of fact the trial judge, after the close of the evidence, charged the jury that there was no middle ground; that they must either find the whole of the plaintiff's claim, or find for the defendant, and concluded his instructions in the following language, viz.: "So take the case, gentlemen, and determine it; if you find for the defendant then you find no cause of action; if you find for the plaintiff, then you find a verdict of $672.65. There is no middle ground in the case; it is either one thing or the other."

The jury returned a verdict in favor of the plaintiff against the defendant for $672.65 damages. This sum (including some interest) must have been calculated upon the basis of allowing plaintiff wages for the eight months' period of service at the rate of $100 a month.

To the above charge exception was duly taken by the defendant and it was assigned for error.

We think the charge may have prejudiced the rights of the defendant before the jury.

The sole dispute of fact which remained for them to determine was the wage rate agreed upon by the parties for the eight months from April 1st, 1913, to December 1st, 1913.

They should have been instructed that if they believed from the weight of the whole proofs and testimony that a wage of but $50 a month for this last period was the correct amount payable to the plaintiff under the bargain, that they were at liberty to so find and to adjust the plaintiff's account accordingly. If they had so found the plaintiff's account against defendant would have been credited with and reduced to the extent of $400. This would have been a "middle ground" which they would have been justified by the evidence in adopting. But the direction of the court complained of left them no such alternative. They were required by it to find in favor of the plaintiff for either the whole amount he claimed or nothing. This restriction upon the finding of the jury may very well have operated to induce a verdict in disregard of the defendant's contention, under its evidence (if believed by the jury) that the plaintiff was not entitled to receive more than $50 a month for the period in question.

The judgment under review should be reversed to the end that a *venire de novo* be awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, BERGEN, MINTURN, BLACK, VREDENBURGH, WHITE, TERHUNE, JJ. 11.